[L. A. No. 360. In Bank.—March 29, 1899.]

MARY BREEDLOVE, Respondent, v. THE NORWICH
UNION FIRE INSURANCE SOCIETY, Appellant.

FIRE INSURANCE—TITLE OF PROPERTY—UNRECORDED DEED—FORECLOSURE
OF MORTGAGE—PARTIES.—A policy of fire insurance providing that
it should be void if the interest of the insured be other than un-
conditional and sole ownership, is violated, unless the waranty
of such ownership is waived, where the insurer failed to record
a deed from a mortgagor, and the title was divested by fore-
closure and sale of the mortgaged prem'ses, though the insurer
was not made a party to the foreclosure suit. The sale under
the decree as conclusively divests the title of the insurer under
the unrecorded deed as though he were a party litigant in the
foreclosure suit.

ID.—WARRANTY OF OWNERSHIP.—A warranty of unconditional and sole
ownership is established by the use of the pronoun "her" in
the statement of the plaintiff's interest in the premises insured,
in which the amount of the insurance is stated to be "on her
two-story metal roof building."

ID.—WAIVER OF WARRANTY—FINDINGS—SUFFICIENCY OF EVIDENCE.—
Where the court finds that the defendant waived the warranty
expressed in the contract by issuing the policy to the plaintiff
with full knowledge of the condition of the plaintiff's title, the
warranty could be thereby waived; and if there is some evidence
tending to support such finding, it cannot be disturbed upon ap-
peal, though the preponderance of the evidence against the
waiver may be such that the trial judge would have b en war-
ranted in discrediting the testimony in favor the. eof, and find-
ing against a waiver.

ID.—PLEADING—ISSUE AS TO WAIVER—AFFIRMATIVE DEFENSE—NEW MAT-
TER.—It was incumbent upon the plaintiff to aver a performance of
all conditions and promissory warranties upon her part to be
kept and performed; but it was not necessary to plead the truth
of an affirmative warranty of title. Where the answer pleaded
the warranty of the title, and the falsity of the evidence, in dis-
charge of the liability, such affirmative defense is new matter
which is deemed to be controverted by way of replication; and
the plaintiff may prove a waiver of the warranty under the
issue thus raised.

ID.—FINDING—AMOUNT OF DAMAGE—ABSENCE OF EXCEPTION—REVIEW
UPON APPEAL.—A finding that the plaintiff was damaged by the
fire in the amount of the policy, to which no exception was taken,
is conclusive as to that question upon appeal.

APPEAL from a judgment of the Superior Court of Riverside
County, and from an order denying a new trial. J. S. Noyes,
Judge.

The facts are stated in the opinion of the court.

John G. North, and James Alva Watt, for Appellant.

Collier & Evans, and T. R. Wallace, for Respondent.

HENSHAW, J.—This is an action to recover upon an insurance policy. George L. Bush had been the owner of the property. He executed a mortgage upon it to one Cowgill. Thereafter he conveyed the property to plaintiff, who is his mother. An action to foreclose the mortgage was commenced against the mortgagor on October 3, 1894, and judgment therein was rendered upon December 22, 1894. Under this judgment the property was sold to Cowgill upon January 31, 1895. The plaintiff did not record the conveyance from her son until October 13, 1894, and, consequently, was not made a party to the foreclosure suit. After the sale under the judgment, and eighteen days before the expiration of the time within which she could redeem, she applied for and obtained insurance in the sum of two thousand five hundred dollars, upon a warehouse located upon the property. Ten days after the insurance of the property, and eight days before the time for redemption had expired, the warehouse was destroyed by fire. Plaintiff never redeemed. The policy contained the following clause: "This entire policy shall be void if the interest of the insured in the property be not truly stated herein. . . . . This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . . if the interest of the insured be other than unconditional and sole ownership." The character of plaintiff's interest, as stated in the policy, was, "Mary Breedlove two thousand five hundred dollars on her two-story frame, metal-roof building."

In her complaint plaintiff averred that she was the unconditional and sole owner of the building insured. She further alleged that all the conditions of the policy upon her part to be kept and performed were duly kept and performed. In answer, defendant denied the allegation of the complaint as to plaintiff's sole and unconditional ownership, and by way of separate defense averred that it was stipulated in the policy that it should be void if the interest of the insured was not truly stated therein; that the interest of the insured was stated to be the sole and uncondi-

tional ownership of the property; that the statement was not true; and that the falsity of the warranty vitiated the policy. Under these pleadings the trial was had. The court distinctly declined to find whether or not plaintiff was the sole and unconditional owner, but set forth the facts of her title as hereinabove stated, and further found that defendant waived the warranty expressed in the contract by issuing the policy to plaintiff with full knowledge of the condition of her title.

That plaintiff was not the sole and unconditional owner of the property does not admit of debate. It may be conceded that when she took the deed from her son she was such an owner, but she failed to record her deed. The judgment in the foreclosure suit, and all the proceedings therein had, were as conclusive against her as if she had been made a party to the action. (Code Civ. Proc., sec. 726; *Daniels v. Henderson,* 49 Cal. 245.) "Upon a sale of real property the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor thereto." (Code Civ. Proc., sec. 700.) "If the debtor redeems, the effect of the sale is terminated, and he is restored to his estate." (Code Civ. Proc., sec. 703.) It is by the foreclosure sale that the title passes. (*Robinson v. Thornton,* 102 Cal. 680.) The sheriff's deed gives no new title. It is merely evidence that the title has become absolute. (*Duff v. Randall,* 116 Cal. 226; 58 Am. St. Rep. 158.) One who fails to record his conveyance from the mortgagor puts himself in position to be deprived of his title by the foregoing proceedings. If he stands idly by and permits the action to be prosecuted without intervention upon his part, he is consenting to be represented by his grantor, and the legal effect of the foreclosure sale is to dispose of his title as completely as though he himself were present and litigating. By failing or refusing to record his title, he holds it subject to divestiture under the foreclosure proceeding. It is not that he retains his title, but is estopped from asserting it against the purchaser at the foreclosure sale, or those in privity with him. It is that he has been stripped of title and left with but a brief right of possession and an equally brief equity of redemption.

But in this case it matters not whether it be said that the plaintiff retained her title but was estopped from asserting it, or whether it be said, as we have held it to be, that she has been de-

prived of her title, for in either case the interest which she possessed in the property at the time of her insurance of it was not that of sole and unconditional ownership. If, upon the one hand, she was divested of title by the foreclosure sale, assuredly she was not the sole and unconditional owner. But if, upon the other hand, she retained her title, but was estopped from asserting it, none the less the result of the foreclosure sale was to create by operation of law a superior and paramount title in the purchaser at that sale. That purchaser became the owner of the property, and from any point of view plaintiff could not have been the unconditional and sole owner. (See *Reaper City Ins. Co. v. Brennan,* 58 Ill. 158; 11 Am. Rep. 54.)

If there was a warranty at all from the insured to the insurer upon this question of unconditional and sole ownership, it is fully established by the use of the possessive pronoun "her" in the sentence above quoted, "Mary Breedlove, two thousand five hundred dollars on her two-story, metal-roof building." (*McCormick v. Springfield etc. Co.,* 66 Cal. 363.)

But against this claim of warranty plaintiff contended (and the court so found) that the policy was issued by defendant's authorized agents with full knowledge of the condition of her title, and that thereby the warranty was never given, but its giving was expressly waived. It is with the utmost reluctance that we are compelled to the conclusion that this finding is sufficiently supported by the evidence, for the circumstances are such as gravely discredit the good faith of the transaction, and leave a taint of fraud affecting the whole. The facts in this regard are the following: A son, George Bush, made a deed to the mother which she did not record. Another son, B. B. Bush, with John T. Jarvis, together composing the firm of Jarvis & Bush, were the agents of the defendant insurance company. By these agents a policy had been issued to the mortgagee of the property some few months before the date of the issuance of the policy in suit, and had been canceled by this same insurance company as an undesirable risk because of the foreclosure proceedings, and perhaps because of other matters. George Bush, upon behalf of his mother, obtained from B. B. Bush the insurance policy in question, when the mother's time for redemption had but eighteen days to run, and ten days thereafter the building was

consumed by fire. The mother never redeemed. George Bush testified that he informed his brother, B. B. Bush, of the condition of the mother's title to the property, and that the brother was fully advised upon the matter. B. B. Bush, the agent, shufflingly and evasively testified to the same facts. He was impeached by proof of contradictory statements made by him touching these questions, and it is shown that his associate and partner, Jarvis, knew nothing whatever of the issuance of the policy. There was clearly enough in all this to have warranted the trial judge in discrediting this testimony, and finding against a waiver. He, however, accepted the testimony and found in accordance with it. It cannot be said, therefore, that the finding is unsupported, and under our rule we are reluctantly compelled to permit it to stand.

But appellant insists that the question of waiver was not in issue, and that, therefore, the court erred in admitting evidence and in finding upon it. Herein it is argued that plaintiff relied for her recovery upon performance of her contract of insurance; that, as appears by that contract, she warranted her title; that in accordance with this, she affirmatively pleaded that she was the sole and unconditional owner, and that this was the only issue which the court was called upon to decide. It is urged that this pleading comes under the general and well-settled rule that one who pleads performance cannot recover upon proof of waiver or proof of excuse for nonperformance. (*Daley v. Russ*, 86 Cal. 114.) This position, however, cannot be maintained. It was incumbent upon the plaintiff to aver a performance of all conditions upon her part to be kept and performed. It was necessary for her, then, to plead performance of all promissory warranties, but it was not necessary for her to plead the truth of an affirmative warranty of title. (*Cowan v. Phenix Ins. Co.*, 78 Cal. 181.) Still it was obligatory for plaintiff to show by her pleading that she had an insurable interest, and this she undertook to do by the averment touching her title. Defendant, however, by a separate defense, pleaded the warranty as to title and the falsity of it, in avoidance of its liability. Since this new matter is taken as controverted under our laws of pleading, any defense to it by way of replication was open to plaintiff without pleading,

and it was therefore permissible for her to show that there never had been such a warranty, and that it had been waived at the time of the delivery of the policy. That the warranty could be waived in the manner indicated is settled in this state. (*Farnum v. Phoenix Ins. Co.*, 83 Cal. 260; 17 Am. St. Rep. 233; *Kruger v. Western Fire etc. Ins. Co.*, 72 Cal. 95; 1 Am. St. Rep. 42; *West Coast Lumber Co. v. State etc. Ins. Co.*, 98 Cal. 502.) And upon the precise question of the waiver of a warranty as to sole and unconditional ownership, see *Long Island Ins. Co. v. Great Western Mfg. Co.*, 2 Kan. App. 377. Notwithstanding the fact, then, that plaintiff's interest in the property was not that of a sole and unconditional owner, nevertheless she did have an insurable interest which will support her action. The court found that she was damaged by the fire in the amount of the policy, and gave her judgment accordingly. No exception is taken to this finding, and it is conclusive upon the question in this appeal.

For the foregoing reasons the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Harrison, J., and Garoutte, J., concurred.

Rehearing denied.