[Sac. No. 900. Department One.—December 27, 1901.]

## J. H. STUFFLEBEEM, Respondent, v. MARY ADELS-BACH et al., Appellants.

INJUNCTION SUIT—REAL PARTY IN INTEREST—CONVEYANCE BY PLAIN-TIFF PENDING SUIT—SUBSTITUTION NOT REQUIRED.—In an injunction suit to restrain interference with a ditch constructed over the lands of the defendants, to convey water to plaintiff's land, a conveyance of his land pending suit does not require the substitution of the purchaser as plaintiff, and the action continued in the name of the original plaintiff cannot be defeated on the ground that he had ceased to be the real party in interest.

ID.—EASEMENT—RIGHT TO CLEAN WATER DITCH FILLED BY DEFENDANTS—BREACH OF VERBAL CONTRACT—LOCATION OF LINE.—It appearing that the defendants had filled up plaintiff's ditch where it had crossed the north half of their quarter-section, after it had been verbally agreed that they would deed to plaintiff a right of way over the south half thereof, which agreement they did not comply with, and that plaintiff had not abandoned the ditch or lost the right to use it, and that it was necessary to have it cleaned out and opened to irrigate his land, his right to clean out and open it is applicable to the line of the ditch as formerly used, and to a ditch of the same size and capacity, and it is immaterial where it was located relatively to the south half of the quarter-section.

---

[1] 65 Am. St. Rep. 179.

ID.—FORCIBLE INTERFERENCE WITH RIGHT—INJUNCTION.—The forcible interference of the defendants with the right of the plaintiff to clean out and open the ditch, which was not abandoned or barred by the statute, nor lost by adverse possession, may be prevented by injunction.

ID.—FORMER LEASE—IGNORANCE OF RIGHT—NEW SURVEY—EXERCISE OF UNDISPUTED RIGHT.—Where it appeared that a former owner of the ditch, in ignorance of her rights thereto, leased the ditch from the defendants for one year, and that subsequently a new survey of the ditch was made, after which the right to use the ditch by her and her successors in interest was not questioned by the defendants until it was closed by them, nine years later, under the verbal agreement with the plaintiff, which they broke, the plaintiff's right to open and use the ditch does not depend upon any lease or permission from the defendants.

ID.—USE OF WATER FROM OTHER DITCHES.—The fact that during the period between the filling and the reopening of the ditch, the plaintiff had been using other ditches by which he obtained water, in which he is not shown to have acquired any ownership or permanent right of user, cannot affect the right of the plaintiff to reopen the ditch, and to enjoin interference therewith.

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial. M. L. Short, Judge presiding.

The facts are stated in the opinion of the court.

F. D. McClure, and Maurice E. Power, for Appellants.

Charles G. Lamberson, for Respondent.

HAYNES, C.—This suit was brought to enjoin the defendants from interfering with or preventing the plaintiff from opening, cleaning out, and using a certain ditch over lands of the defendants, for the purpose of conveying water to the lands of the plaintiff. The court made findings and entered judgment for the plaintiff, and the defendants appeal therefrom and from an order denying a new trial.

The findings are, in substance, that plaintiff and his grantors have for more than twenty-five years been the owners of the north half of the northwest quarter of section 14, in township 19 south, range 24 east, Mount Diablo base and meridian; that about the year 1862, one Peter Steinman, then the owner of said land above described, constructed a ditch along

the south side of the north half of the northeast quarter of
said section, for the purpose of conveying water to his said
land, for the purposes of irrigation and other useful purposes,
and from the time of its construction until March, 1894, said
ditch was used for such purpose by the plaintiff and his
grantors and predecessors in interest, openly, continuously,
uninterruptedly, and adversely, under a claim of title ex-
clusive of any other right; that in the month of March, 1894,
the plaintiff entered into a verbal agreement with one W. A.
Freeman, that he and the defendant Mary Adelsbach should
fill in said ditch where it crosses the northeast quarter of said
section 14, upon the consideration that the said Freeman
should convey to the plaintiff a right of way for a ditch across
the south half of said northeast quarter, and thereupon said
Freeman and defendant Mary Adelsbach caused said ditch
to be filled in where it crossed said northeast quarter; that
said Freeman has not, nor has any person for him, or for
the defendants, conveyed to plaintiff said or any right of way
for said ditch across said land; that on or about July 21, 1897,
the plaintiff entered upon the land where the ditch had
formerly been, and attempted to clean out the ditch, but was
prevented from doing so by the defendants Mary and John
Adelsbach and Ralph and Frank Hess, who, by force and
intimidation, compelled plaintiff to discontinue work in clean-
ing out or opening said ditch; that plaintiff had not aban-
doned the ditch, or his right to use it, and that it is necessary
for the plaintiff to have it cleaned out and opened, for the
purpose of irrigating his land; and that it is not true that
plaintiff had not the right to use the ditch, except by a lease or
permission from defendants.

Appellants' contention is, that the findings are not justified
by the evidence. Such of their specifications as are discussed
in their brief will be considered.

1. It is contended that plaintiff is not the real party in
interest; that prior to the commencement of the action he con-
veyed his land to Rachel D. Bashore. Upon cross-examination
the plaintiff testified that he was not the owner of the land
described in the complaint at the time of the trial; that he
conveyed it to Mrs. Bashore in November, 1899. The action
was commenced October 25, 1899. We are not referred to any
evidence contradicting this statement, nor do we find any.

It was not necessary to substitute the purchaser as plaintiff. (Code Civ. Proc., sec. 385.)

2. It is not material whether the ditch was constructed on the south line of the north half of the northeast quarter or "several feet south of the line." If the plaintiff has the right to have the ditch reopened, his right relates to the line of the ditch—the same ditch formerly used, and therefore of the same size and capacity; or, in other words, when cleaned out it will be the same ditch.

3. It is contended by appellants that Bashore and Stufflebeem used said ditch in subordination to defendant Mary Adelsbach, and under leases both written and oral.

It is not disputed that Steinman constructed the ditch. Defendants say it was constructed in 1876, while plaintiff fixes an earlier date. Peter Adelsbach, one of the defendants, a son of Mary Adelsbach, testified that he had known the ditch since 1881, and that they did not claim the land or the ditch after the new survey was made. The date of that survey is said to have been 1887 or 1888. A lease was put in evidence made by Mary Adelsbach in May, 1885, prior to said survey, to Mrs. Bashore, in consideration of one dollar, granting the right to run water through it until October of that year. Mrs. Bashore purchased the Steinman land in the spring of 1885, and explained that she did not then know that she had a right to the ditch, and it does not appear that her right to use the ditch was afterwards questioned; but it does appear that she and her successors in interest, including the plaintiff, did use the ditch from that time until it was closed in 1894, without question as to their right.

4. It is contended by appellants that plaintiff abandoned the ditch more than five years before the commencement of this action.

The circumstances under which the ditch was filled up by Freeman and the Adelsbachs has been stated. That plaintiff did not intend to abandon the right to have a ditch to his land is clear. From the point where it crossed the west line of the east half of the northeast quarter it was never filled up. The plaintiff testified that he consented with Freeman to the filling of the ditch, upon the condition that he would connect above the headgate, at the Adelsbachs' southeast corner, and make a ditch around the south side of the lane, and give him a

deed to it, which he has not done; that Freeman went to work filling in the old ditch, and he stopped him, but he afterwards finished filling without plaintiff's knowledge; that he had been trying for years to get him to make the ditch, but he did not. This agreement was made in March, 1894, and in July, 1897, plaintiff attempted to open the old ditch, but was prevented by force and intimidation. I think the evidence fully justifies the finding that plaintiff did not abandon his right to the ditch, and that his right was not barred by the statute, nor lost by adverse possession.

5. It is said that plaintiff has been using other ditches, by which he obtained water, at the same place where the old ditch entered his land, one of which was taken out of the main ditch only three hundred feet below where the old ditch was taken out. It does not appear, however, that he had acquired any ownership of these ditches, or any permanent right to use them, nor that his use was adverse; for if it was merely permissive it could not ripen into a title. No other points are noticed in appellants' brief.

I advise that the judgment and order appealed from be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.