[Civ. No. 4294. Third Appellate District.—September 15, 1931.]

PEARL SCHWARTZ, Respondent, v. MARTIN H. MEAD et al., Defendants; SECURITY FINANCE CORPORATION (a Corporation) et al., Appellants.

Fred W. Mears, Chas. H. Brock, Ralph H. Spotts and Arch H. Vernon for Appellants.

Frazier McIntosh for Respondent.

PLUMMER, J.—This action was instituted by the plaintiff to foreclose a vendor's lien upon lot 7, block 1 of tract No. 5647 in the city of Beverly Hills, county of Los Angeles.

The record shows that the defendants Martin H. Mead, Theresa Mead and B. D. O'Niel defaulted, and that a separate judgment was entered against them. Execution thereafter issued and the interest of said defendants in the

property above mentioned was sold by the sheriff of Los Angeles County, and a deed thereto executed by the sheriff and delivered to the plaintiff. The judgment upon which execution was issued appears upon its face to have been entered only against the defaulting defendants above named, and contained among other provisions the following limitations as to its effect, to wit: ''And it is further adjudged and decreed that this judgment does not affect the rights of any of the defendants not herein specially mentioned, if any such rights any of them have, and as to all defendants other than Martin H. Mead, Theresa Mead and B. D. O'Neil it is hereby ordered, adjudged and decreed that this action may proceed.''

Upon the trial of this action the only evidence in support of the plaintiff's title was the sheriff's deed based upon sale, pursuant to a judgment entered only against the defaulting defendants. The complaint in the action was amended so as to transform the same into the nature of an action to quiet title. The California Mortgage Company, corporation, one of the defendants and appellants, claims to be the owner of the premises involved, pursuant to sale made by the trustee of a trust deed executed by Martin H. Mead and Theresa Mead, his wife, to secure the repayment of $10,000, and that the interest of the appellant in and to the property has never been foreclosed; that the court never established the existence of a vendor's lien in the plaintiff as against the Mortgage Company; that plaintiff waived her vendor's lien as against the Mortgage Company, and that if plaintiff has any interest in the property, it is simply to the extent of enforcing a vendor's lien as superior to the rights of the appellant holding under the deed of trust, and that the deed made pursuant to the judgment to which we have referred established plaintiff's rights only as against the defaulting defendants.

The record shows the following facts: That the plaintiff was, on the twenty-fifth day of January, 1926, the owner of the property hereinbefore mentioned; that on said date an escrow agreement was entered into by virtue of which the plaintiff agreed to sell the described premises to the defendant Mead, for the sum of $3,600. This agreement was delivered to and held by the Beverly National Bank. The escrow agreement provided for the delivery of a deed by

the plaintiff to the defendants upon certain payments being made. On January 26, 1926, the defendant Martin H. Mead and his wife entered into a contract with the Security Finance Company for a building loan in the sum of $10,000, for the construction of a building upon the lot described, and executed a deed of trust conveying the property to the California Title Insurance Company, one of the defendants and an appellant herein. The agreement provided for the recording of the deed of trust after certain facts had been ascertained not material to be mentioned herein. The deed of trust contained the usual covenants providing for the sale by the trustee in the event that repayment of the loan was not made according to the provisions of the deed. On February 19, 1926, following the escrow agreement to which we have referred, a deed was recorded by the terms of which the plaintiff conveyed to the defendant Martin H. Mead, the premises involved in this action. On February 15, 1926, the appellant Security Finance Corporation sold and indorsed the note, secured by the trust deed to which we have made reference, to the appellant California Mortgage Company. The trust deed appears to have been recorded on the first day of February, 1926. The assignment of the note of the Security Company and of its interest in the trust deed to the California Mortgage Company did not appear of record at the time of the beginning of this action. Thereafter the Mortgage Company advanced to the Meads the sum of $9,300. Some time after the beginning of this action, the amount due under the trust deed not having been repaid, the property was sold by the trustee named in the trust deed, at which sale the California Mortgage Company became the purchaser.

On December 1, 1926, the plaintiff began this action to foreclose a vendor's lien, as hereinbefore stated, the record showing that only $2,500 had been paid on account of the purchase price of the lot involved, and that there remained due the sum of $1,000. At the time of the beginning of the action the record shows that the lot had been conveyed to B. D. O'Niel, who held the title subject to the deed of trust mentioned herein. On January 14, 1927, the default of the defendants Martin H. Mead, Theresa Mead and B. D. O'Niel was entered. On January 27, 1927, judgment was entered against the defaulting defendants, as herein stated. On

February 1, 1927, the plaintiff filed an amended complaint herein. On February 19, 1927, answers were filed to said amended complaint by the California Title Insurance Company and Security Finance Company. On March 7, 1927, sale of the premises was had under the separate default judgment entered against the defendants Meads and O'Niel. On June 3, 1927, the California Mortgage Company, appellant herein, served under the fictitious name of John Doe Company, filed its answer; on March 8, 1928, the case came on for trial; on March 8, 1928, the sheriff executed and delivered a deed purporting to convey the premises to the plaintiff, based upon the default judgment to which we have heretofore referred; on the same date this cause came on for trial the plaintiff filed a supplemental complaint which was deemed denied; on March 26, 1928, the appellant California Title Insurance Company, issued its trustee's deed to the California Mortgage Company, purporting to convey the premises according to a sale made pursuant to the trust deed to which we have heretofore referred; on June 22, 1928, the court filed its findings of fact and conclusions of law; this was followed by motions on the part of the appellants to vacate the judgment to amend the conclusions of law, and also motions for new trial.

We do not need to follow the respective assignments of the appellant as to the insufficiency of the evidence to support the findings, or as to the insufficiency of the findings to support the judgment, as the whole case rests upon one question, to wit: Under the admitted facts which we have set forth, was the effect of the sale made by the sheriff, based upon a default judgment entered against the defendants Mead and O'Niel, expressly limited as to them, such as to bar and exclude the interests of any of the appellants in and to the premises involved? The respondents, in support of the judgment, call our attention to the provisions of section 726 of the Code of Civil Procedure, which reads: "No person holding a conveyance from or under the mortgagor of the property mortgaged, or having a lien thereon, which conveyance or lien does not appear of record in the proper office at the time of the commencement of the action, need be made a party to such action, and the judgment therein rendered and the proceedings therein had are as conclusive against the party holding such unrecorded conveyance or lien as if

he had been made a party to the action." The first sentence of the section referred to reads as follows: "There can be but one action for the recovery of any debt or the enforcement of any rights secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter." Upon these provisions of section 726 of the Code of Civil Procedure it is insisted that the appellant California Mortgage Company is barred from claiming any interest in or to the property involved, and that a deed based upon a judgment such as was entered in this action, conveys the property free and clear of all liens and encumbrances, irrespective of the fact that judgment in the action was entered only as against the Meads and O'Niel. This contention is based upon the theory that an action to foreclose a vendor's lien is an action to foreclose a mortgage, and therefore governed by the first sentence of section 726 of the Code of Civil Procedure. In support of this contention respondent cites the case of *Brown* v. *Kahn,* 176 Cal. 159 [167 Pac. 869], in which there appears a sentence to the effect that the code provides the procedure of the foreclosure of a vendor's lien, and assumes that section 726, *supra,* is the only one referred to. A reference to that case, however, shows that no such construction can reasonably be given to the language there used. The opinion in that case shows that a previous action had been prosecuted upon a note given for the purchase money, and following the judgment in that action, a subsequent one was begun to foreclose a vendor's lien, based upon the unpaid purchase price of the property represented by the promissory note. Thus, it clearly appears that if the court had had in view only the first sentence of section 726 of the Code of Civil Procedure, and not other sections of the code relating to sales under execution, there could have been no foreclosure of the lien therein involved. Likewise, we think the respondent misconstrues the holding of the court in the case of *Breedlove* v. *Norwich etc. Ins. Co.,* 124 Cal. 164 [56 Pac. 770]. The portion of the opinion quoted by the respondent we think directly refutes her contention. The quoted part of the opinion reads: "One who fails to record his conveyance from the mortgagor puts himself in position to be deprived of his title by the foreclosure proceedings. If he stands idly by and permits the action to be prosecuted without intervention upon his

part, he is consenting to be represented by his grantors, and the legal effect of the foreclosure sale is to dispose of his title as completely as though he himself were present and litigating. By failing or refusing to record his title, he holds it subject to divestiture under the foreclosure proceedings. It is not that he retains his title, but is estopped from asserting it against the purchaser at the foreclosure sale, or those in privity with him. It is that he has been stripped of title and left with but a brief right of possession and an equally brief equity or redemption." The record shows in this action that the trustee, the grantor of the California Mortgage Company, was a party to the action all the while, and it also shows that subsequently the California Mortgage Company was served and became a party to the action. The grantor of the Mortgage Company was a party to the action prior to the entry of any default judgment, and as we shall subsequently see, the Mortgage Company's rights were amply protected under this provision of section 385 of the Code of Civil Procedure.

The case of *Anderson* v. *Alexander*, 184 Cal. 265 [193 Pac. 241], is not pertinent to the action herein, as the opinion in that case shows that where the real party in interest is made a party, a mere trustee has no cause of complaint.

As we read the record in this case we do not think the action, either as set forth in the original complaint or in the supplemental pleadings, seeking to change the form of the action to one quieting title, is governed by the provisions of section 726 of the Code of Civil Procedure, limiting foreclosure of mortgage to one form of action. The limitation contained in that section relates only to instances where there is privity of contract. Bearing somewhat upon this question is the case of *Murphy* v. *Hellman Commercial Bank*, 43 Cal. App. 579 [185 Pac. 485]. We quote the following from the syllabus: "The provision of section 726 of the Code of Civil Procedure that there can be but one action for the recovery of any debt or enforcement of any right secured by mortgage upon real or personal property, was enacted for the benefit of the principal debtor and to relieve him from liability from a multiplicity of actions, and does not apply to an individual grantor or surety or to a subsequent endorser upon a promissory note, nor in fact to any case where there is no privity of contract between the two existing

obligations—that is, where the primary debt and the obligation under the mortgage are separate and distinct obligations." In the case at bar no privity of contract is shown between the parties litigant here. Nor was there any privity of contract between the plaintiff and the defaulting defendants.

In 17 California Jurisprudence, page 718, section 23, the law is thus stated: "A vendor's implied lien after conveyance is created by law and not by contract of the parties, as are mortgages. It is not a specific and absolute charge on the land, but a mere equitable right to resort to it upon failure of payment by the vendee, that is, it is, in its nature, a personal privilege, unassignable, which the vendor can assert only in a suit brought for the purpose of having it decreed and enforced." It is further held in the same section that where the title is retained, the relationship of mortgagor and mortgagee does not exist, as the section reads: "Such contract does not establish the relation of mortgagor and mortgagee; the vendor's security is something stronger than a mortgage, because the legal title is retained as security,— something that a mortgagee never has. . . . The lien of a purchase-money mortgage and a vendor's lien have some features in common, but are not identical." And as further said in 25 Cal. Jur. 740: "The lien is a creature of equity established solely for the security of the vendor after he has executed a conveyance to the purchaser. It does not depend upon an agreement of the parties or any intention on the part of the vendor to create or retain it, but is presumed to exist unless a contrary intention of the vendor is clearly manifested. The lien arises at the time of the sale and transfer of the legal title, without payment of the consideration, and though not evidenced by any writing or public record, it continues to exist after an absolute conveyance of the property, unless the vendor has taken security." And further: "The lien is not a specific absolute charge upon the property, giving no right of entry or title, but is simply a right to resort to the property upon a failure of payment by the purchaser. In other words, it, strictly speaking, is not a lien but is a mere equity, capable of acquiring the force and effect of a lien under certain circumstances."

614

That the provisions of section 726 of the Code of Civil Procedure, limiting the action to one form, applies only to actions to foreclose mortgages, is supported by the following cases: *Craig* v. *Burns,* 65 Mont. 550 [212 Pac. 856]; *Snyder* v. *United Properties,* 53 Cal. App. 428 [200 Pac. 366]; *Kraft* v. *Bryan,* 140 Cal. 73 [73 Pac. 745]; *Moore* v. *Schneider,* 196 Cal. 380 [238 Pac. 81]; *Murphy* v. *Hellman Commercial etc. Co.,* 43 Cal. App. 579 [185 Pac. 485]. Nor do we find anything in the case of *Sax* v. *Clark,* 180 Cal. 287 [180 Pac. 821], or in the case of *Wyser* v. *Truitt,* 95 Cal. App. 727 [273 Pac. 147], supporting the respondent's contention. In the Clark case the question decided was that one who claimed under a trustee was bound by a judgment against the trustee. In the Wyser case the holding simply was that a judgment against the trustee was not binding upon the trustor. In the case at bar no judgment of foreclosure of a vendor's lien was entered against either trustee or beneficiary. Where the trustee holds the legal title, and that title is of record, it appears to us elementary that a judgment on default entered simply against the trustor would in nowise affect the right or title held by the trustee or the beneficiary for whom the title is so held.

The contention is made that the Mortgage Company acquired no interest under and by virtue of the trustee's sale and conveyance of the premises. We do not need to determine the merits of this contention, as it in nowise affects the judgment that should be entered herein, for the simple reason that if the Mortgage Company has not succeeded to the title held by the California Title Insurance Company, then the Title Insurance Company is still interested as the holder of the title to the premises, and unless judgment of foreclosure of the vendor's lien claimed by the plaintiff was entered as against the Title Company, its interest still exists. But there is a provision of the code covering this question. Section 385 of the Code of Civil Procedure reads in part as follows: "In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made, to be substituted in the action or proceeding." So that the contention of the respondent that the transfer of interest, which

.took place during the pendency of the action, precludes either defendant from further defending, is untenable.

In the case at bar the record shows that the Mortgage Company did come into the action, and it came into the action as successor to the interest of the Title Insurance Company. That a purchaser *pendente lite* need not be substituted appears from the section to which we have referred, and also is supported by the following cases: *Sears* v. *Ackerman,* 138 Cal. 583 [72 Pac. 171]; *Stuffelbeem* v. *Adelsbach,* 135 Cal. 221 [67 Pac. 140]; *Moss* v. *Shear,* 30 Cal. 467; *Camarillo* v. *Fenlon,* 49 Cal. 202. The section of the code, however, is sufficient to cover the issue without citation of cases. If it be held that the supplemental proceedings filed herein transformed the action into one to quiet title, it is only necessary to state that it is elementary that one can succeed only by the strength of his own title. ▮ Thus, the sheriff's deed, based upon a judgment such as we find in the record here, foreclosing only the interests of certain parties in the action, is not sufficient to support a judgment adverse to defendants, in the same action against whom no judgment was entered and no sale had. Viewed as an action to foreclose a vendor's lien, the judgment should simply have gone against the appellants, other than the Security and Finance Corporation, which appears to have no interest in the action, for the foreclosure of the lien held by the plaintiff as vendor. As against the appellants we do not think that the lien held by the plaintiff as vendor has been waived.

The judgment is reversed with directions to the trial court to permit the parties to amend their pleadings so as to fully tender for determination all the equities involved in this action.

Thompson (R. L.), J., and Preston, P. J., concurred.