ROBERTSON v. SMITH and Another.

VENDOR'S LIEN.—SHERIFF'S SALE.—A, as the assignee of B, recovered a
judgment against C upon a promissory note. Afterwards, D recovered
a judgment against C, and executions upon both judgments came to the
hands of the sheriff, who sold certain real estate of C thereon to D, and
applied the proceeds of the sale to the payment of A's debt, and the resi-
due upon the judgment of D. B afterwards recovered a judgment against
C upon another note, and upon an execution issued thereon sold the same
lands. Suit by B against D, alleging that the note upon which he had
recovered judgment was given for a part of the purchase money of the
said land, before that time sold by him to C; that before the purchase
thereof by D at the first sale by the sheriff, he was notified by that he
held other notes against C, given for purchase money, and that he intended
to hold a vendor's lien on the land. Prayer, that the overplus of the first
sale be applied on plaintiff's judgment, and that the sale to D be set
aside, &c.

*Held*, that it could not be determined from the complaint whether B had a
vendor's lien on the land, and that the facts alleged were not sufficient to
impeach D's title to the land.

APPEAL from the *Washington* Circuit Court.

ELLIOTT, J.—*Robertson*, the appellant, filed a complaint
against *Smith*, and *Nicholson*, the sheriff of *Washington*
county. A demurrer was sustained to the complaint, and
final judgment rendered for the defendants.

The only question here is, did the complaint state facts
sufficient to constitute a cause of action? The allegations of
the complaint are so indefinite and confused as to render it
very difficult to determine what are the facts presented by
it. We draw from it, in connection with two executions
and the sheriff's return thereon, which are made a part of
it, the following state of facts: On the 19th day of *Septem-
ber*, 1865, one *James Reynolds*, as assignee of *Henry Robert-
son*, recovered a judgment in the *Washington* Circuit Court
against one *Baker*, for $128 80, exclusive of costs, on which
an execution was issued on the 9th day of *November*, 1865,
and placed in the hands of the sheriff of said county, to be
executed. Some time in *December*, 1865, the defendant
*Smith* also recovered a judgment against said *Baker* for

$386 43, but in what court the complaint does not state. On this judgment, an execution was also issued and placed in the hands of the same officer.  On the 20th of *December*, 1865, the sheriff levied the execution on the *Reynolds* judgment on a tract of land belonging to *Baker*, and having duly advertised the same, on the 27th of *January*, 1866, sold it at public auction, at the court house door in said county, to the defendant *Smith*, for $537, he being the highest bidder, and executed to him a deed therefor.  The proceeds of the sale were first applied to the payment of the execution on the *Reynolds* judgment, including the costs, leaving an overplus of $404 12, which was credited on *Smith's* execution.

Afterwards, on the 20th of *March*, 1866, said *Robertson* recovered a judgment in the *Washington* Circuit Court against said *Baker* for $101, which, this complaint alleges, was recovered on a note given by said *Baker* as a part of the purchase money for the same lands sold by the sheriff to said *Smith* on the execution in favor of *Reynolds*.  On the 25th of *April*, 1866, an execution was issued on *Robertson's* judgment, and placed in the hands of the sheriff of said county, who levied the same, by the order and direction of the plaintiff, on the same land previously purchased by said *Smith* on the *Reynolds* judgment.  Notice of the time and place of sale having been given, the sheriff exposed the land for sale under said execution, on the 7th of *July*, 1866, and then sold the same to said plaintiff for $125, he being the highest bidder therefor.

It is also averred in the complaint that the land was bid off at the sale under the *Reynolds* execution by one *James A. Ghormley*, for and as the attorney of the defendant *Smith*; that at and before the sale thereof the plaintiff gave due notice that he "held other notes against said *Baker*, which were given in part consideration of said land, and that he intended to hold a vendor's lien thereon for the same; and that said *Ghormley* afterwards bid off said land with full notice of said facts.  The relief prayed is a decree that the

overplus of the proceeds of the sale to *Smith* on the *Reynolds* execution, after satisfying that execution, be applied to the plaintiff's judgment, in satisfaction of his lien, and that the deed of *Smith* be set aside and declared void, and the sheriff be ordered to execute a deed for said lands to the plaintiff.

Such are the allegations of the complaint, and it certainly needs no argument to demonstrate that they are not sufficient to constitute a cause of action. Whether the plaintiff is entitled to a vendor's lien against the land, which he can enforce in equity by a proper suit for that purpose, cannot be determined from the facts presented by this record. There is an indication in this complaint, that the note on which the *Reynolds* judgment was recovered was given in part consideration for the same land. If so, whether it was first due, and had priority over the note on which the appellant's judgment was rendered, does not appear, though it may be very material in determining the rights of the parties, in a proper suit for that purpose. There is nothing in this complaint to impeach the title of *Smith* under his purchase. The Circuit Court did right in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.

*H. Heffren,* for appellant.

*J. A. Ghormley, S. E. Perkins, L. Jordan* and *S. E. Perkins, jr.,* for appellees.

