ALBERT KUNZ v. J. C. WARD, *as Assignee of W. E. Brown.*

1. TROVER; *Practice.* The petition in an action was drawn up very much like a petition in an action of replevin; but the action was not an action of replevin, and was not so treated by the parties or the court; but the parties and the court treated the action as an action in the nature of trespass *de bonis asportatis,* or trover; and the petition, although drawn up in the form of a petition in an action of replevin, and very defective, even as a petition in trespass or trover, yet it stated facts sufficient, with the facts admitted in the answer and proved on the trial, to constitute a cause of action in the nature of trespass *de bonis asportatis,* or trover. *Held,* That all the allegations in the plaintiff's petition which are necessary and proper only in an action of replevin may be treated as surplusage; and the supreme court will treat the action as the court below and the parties did — as an action in the nature of trespass *de bonis asportatis,* or trover.

2. INSTRUCTION, *Erroneous.*. In such action the court below refused to give the following instruction asked for by the defendant, to wit: "The jury are instructed that the burden of proof is upon the plaintiff to establish by evidence the allegations of his petition and his right to recover herein, and unless he has shown by a preponderance of the evidence his right to recover herein, the jury will find for the defendant." The plaintiff admitted that upon him rested the burden of proof. *Held,* That as some of the allegations in the plaintiff's petition were unnecessary, and were

not proved, and were not even true, and as it was not necessary that they should be true in order that the plaintiff should recover, said instruction was itself erroneous and misleading, and the court below did not err in refusing to give it.

3. ———— Some other matters, discussed in the opinion.

### Error from Marshall District Court.

AT the August Term, 1881, of the district court, plaintiff *Ward*, as assignee of W. E. Brown, had judgment against defendant *Kunz*, who brings the case here. The nature of the action, and the facts, appear in the opinion.

*Everest & Waggener*, for plaintiff in error.

*W. W. Guthrie, J. V. Coon*, and *J. A. Broughton*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The petition of the plaintiff in the court below, who is now defendant in error, was drawn up very much like a petition in an action of replevin; but the action was not an action of replevin. No affidavit for a writ of replevin was made or filed, no undertaking was given, and no writ of replevin was asked for or issued or served. The defendant did not have possession of the property in controversy at the time the action was brought, and the action was not tried upon the theory that he did have any such possession; and the defendant filed a lengthy and voluminous answer, setting up a large number of new and independent facts as a defense to the plaintiff's action, which he need not have done if the action was simply one of replevin. In an action of replevin a general denial is a sufficient defense in any case. As before stated, the action was not tried upon the theory that it was an action of replevin; but it was in fact tried upon the theory that it was an action in the nature of trespass *de bonis asportatis*, or trover. The petition of the plaintiff, it is true, was drawn up to a very great extent in the form of a petition in an action of replevin; yet the facts attempted to be stated therein, with a liberal construction, were

sufficient to constitute an action in the nature of trespass *de bonis asportatis*, or of trover. Among the facts which it attempted to allege, and which by a very liberal reading of the petition may be said to have been alleged, are that W. E. Brown made a legal assignment of the property in controversy to the plaintiff, for the general benefit of his creditors, and that the plaintiff was afterward duly and legally appointed as such assignee by the probate judge, and that he qualified as such assignee and took possession of the property in controversy, and while holding the same in his lawful possession the defendant broke into the place where the goods were stored and unlawfully took the possession of the same; that the plaintiff was entitled to the immediate possession of the property; and that the defendant unlawfully detained the possession of the same from him for the period of one hundred days, to his damage in the sum of $1,000; and the petition prayed for a return of the property to the plaintiff, or for the value of the same, with damages.

The defendant's answer set forth, among other things, that he was a constable, and that by virtue of certain executions, which he held in his hands against Brown, he levied upon the property in controversy, took it into his possession and sold it at public auction, and applied the proceeds in satisfaction of said executions; and further alleged that the assignment of Brown to the plaintiff was fraudulent and void, having been made for the purpose of hindering, delaying and defrauding the creditors of Brown. The plaintiff filed a general denial to the new matter set forth in defendant's answer. The case was tried before the court and a jury. The evidence has not all been brought to this court; but sufficient evidence has been brought to this court to show that the material allegations of both the plaintiff's petition and the defendant's answer, except the alleged fraud, were proved, and it would also seem that such of the material allegations of new matter contained in the defendant's answer as set forth and charged that the assignment was fraudulent or void were not proved. The verdict of the jury and the

judgment of the court below were in favor of the plaintiff and against the defendant; and the defendant, as plaintiff in error, now brings the case to this court and asks for a reversal of such judgment.

The first alleged error is, that the court below erred in refusing to give the following instruction, asked for by the defendant, to wit:

"The jury are instructed that the burden of proof is upon the plaintiff to establish by evidence the allegations of his petition and his right to recover herein, and unless he has shown by a preponderance of the evidence his right to recover herein, the jury will find for the defendant."

We do not think that the court below committed error in refusing to give this instruction. The plaintiff admitted that the burden of proof rested upon him, and for that reason there was but little necessity for the instruction. Besides, the instruction was itself erroneous and misleading. The purport of the instruction was, that unless the plaintiff proved by a preponderance of the evidence all the allegations of his petition he could not recover, and that the jury should find for the defendant. Now the plaintiff alleged several things in his petition which it was not necessary for him to prove, and some things which were not in fact true; and yet we think the evidence showed that he was entitled to recover. For instance, the following allegation is found in the petition, to wit: " The said goods and chattels are wrongfully detained by the defendant." Now this allegation was not true; and it was not necessary, in order to authorize the plaintiff to recover, (if the action be considered as one in the nature of trespass *de bonis asportatis* or trover,) that it should be true. The defendant had sold the goods and parted with their possession a long time prior to the commencement of this action, and at the time of the commencement of this action he did not have the possession of the goods, and did not claim to be entitled to their possession; and the plaintiff was perfectly cognizant of these facts.

We do not think that the court below erred in giving in-

structions numbered 3, 4, 5 and 6, asked for by the plaintiff, nor in refusing to give instructions numbered 4 and 9, asked for by the defendant. These last-mentioned instructions were, substantially, given in other instructions.

We do not think that the general charge of the court below was erroneous, or given to the jury upon an erroneous theory of the case. The action was not distinctively a replevin action, and was not so treated by the parties. Both parties really treated it as an action in the nature of trespass *de bonis asportatis,* or trover, and so did the court; and we think it was an action in the nature of both of these actions. The defendant certainly committed a trespass — a trespass *quare clausum fregit,* a trespass *vi et armis,* and a trespass *de bonis asportatis* — when he broke open the store of the plaintiff, took the possession of the goods and carried them away; and he certainly converted the goods and laid the foundation for an action of trover, when he took the possession of the goods for the purpose of selling the same under the executions. When the defendant sold the goods under the executions, the plaintiff was present, protesting against such sale; but the defendant ignored such protest, and sold the goods notwithstanding the protest. This was in furtherance of the trespass, and was a final completion and consummation of the conversion. All those allegations in the plaintiff's petition which are proper and necessary only in an action of replevin, may be treated as surplusage. The court and the parties below so treated them; and this court will so treat them. It does not appear that the defendant claimed in the court below that the action was merely an action of replevin; and it would seem that he now raises the question for the first time, in this court. But even if he had raised the question in the court below, it is questionable, at least, whether it would have availed him anything. The plaintiff would undoubtedly have amended his petition so as to meet any objection that might then have been urged against it. The defendant might, by proper motions, have required the plaintiff to amend and reform his petition, by striking out all unnecessary allega-

tions, and by making the other allegations more specific and more definite and certain. But the defendant did not make any such motions. The court below and the parties in that court treated this action as an action in the nature of trespass *de bonis asportatis*, or trover; and this court will also so treat the action. The facts alleged and admitted in the petition and answer, and proved on the trial, would certainly constitute either of the actions, trespass *de bonis asportatis*, or trover, at the election of the plaintiff. Some of the allegations of the petition, it is true, are very defective, even when the action is considered as one in the nature of trespass *de bonis asportatis*, or trover; but these defective allegations of the petition were cured and made good by the allegations of the answer and the proof; every one of the defects of the petition were amply supplied by the allegations of the answer and the proof. The action was fairly tried as an action of trespass or trover. Neither party was deceived or surprised. And we should think that substantial justice was done.

We think that the judgment of the court below ought to be affirmed; and as we perceive no substantial error in the rulings of the court below, the judgment will be affirmed.

All the Justices concurring.