Filed Dec. 30, 1887.

---

No. 12,800.

### YETTER *v.* FITTS.

VENDOR'S LIEN.—*Innocent Purchaser.*—A vendor's lien, having attached, can only be defeated by the voluntary act of the holder, unless the rights of innocent purchasers intervene.

SAME.—*Judgment for Part of Purchase-Money.*—*Judicial Sale.*—*Purchaser with Notice.*—*Priority of Claims.*—A sale to satisfy a judgment in favor of the assignee of a part of the purchase-money debt, the grantor not being a party, will not, in the absence of an estoppel, defeat the lien of the latter as against a purchaser with notice, but the rights of the purchaser take precedence of the lien.

From the Hancock Circuit Court.

*J. H. Mellett, E. Marsh* and *W. W. Cook,* for appellant.

*M. S. Robinson, J. W. Lovett, J. A. New* and *J. W. Jones,* for appellee.

Yetter v. Fitts.

MITCHELL, C. J.—This is an appeal from a judgment and decree of the Hancock Circuit Court, which declared a grantor's lien for unpaid purchase-money against certain real estate sold and conveyed by Sarah Fitts to William W. Brewer, in April, 1875. The complaint shows a sufficient excuse for not setting out a copy of the note sued on.

The question for decision arises on the evidence. The only facts material to be stated are, that the land in question was conveyed by Mrs. Fitts to Brewer, at the agreed price of $3,535, and that the grantor received the purchaser's unsecured promissory notes for the deferred payments. Some of these notes were assigned to Stephen Strange, who recovered a personal judgment against Brewer thereon for $960, in satisfaction of which he received, in due course, a sheriff's certificate of purchase of the land. Yetter subsequently took a conveyance from Brewer, after which he obtained the sheriff's certificate by assignment from Strange. No deed appears to have been made by the sheriff on the certificate. So far the facts are undisputed.

The evidence strongly tended to show that, at the time Yetter took his conveyance from Brewer, as also when he received the assignment of the sheriff's certificate, he had full knowledge that Brewer was indebted to the appellee for unpaid purchase-money to the amount of $2,400. There was also evidence tending to show that the transaction between Brewer and Yetter was not in good faith, and that in taking the conveyance from Brewer, and the assignment from Strange, Yetter was merely acting for Brewer, who appears to have been insolvent. There was also evidence tending to show that Mrs. Fitts had purchased the sheriff's certificate of Strange and paid for it, in part at least, before it was assigned to Yetter, and that the latter knew of Mrs. Fitts' rights in that respect, also.

Upon the assumption that the court may have found from the evidence that the appellant's transactions were had with notice of the appellee's rights, and that he occupied the same

ground in that respect as was occupied by her vendee, the judgment and decree were clearly right.

It is said that the judicial sale by Strange, to satisfy a judgment for part of the purchase-money debt, there having been no redemption therefrom within one year, defeated the lien for the balance, and that, therefore, the decree was erroneous. In support of this proposition the appellant cites *Robertson v. Smith*, 29 Ind. 313.

It is enough to say of the case relied on, that it bears little analogy in its facts to the case under consideration, and that it only decides that, upon the facts as they there appeared, it could not be determined whether there was an enforceable lien on the land or not.

It is undoubtedly true, that if a vendor who holds a grantor's lien for purchase-money causes the land to be sold on execution for the purpose of satisfying the debt for which he claims a lien, he will have thereby waived his lien, whether the sale produces a sum sufficient to satisfy the debt or not. *Nutter* v. *Fouch*, 86 Ind. 451, and cases cited.

This is upon the principle that the sale of land on execution, by a person claiming to hold an equitable lien thereon for purchase-money, is an act so inconsistent with the idea of a vendor's lien as to amount to a waiver of the lien. We can perceive no principle, however, upon which it can be held that a sale to satisfy a judgment for part of a purchase-money debt, at the suit of an assignee, would defeat the lien of a grantor, who was not a party to the suit, unless the purchaser acquired title through the sale in good faith, without notice of the grantor's rights, or unless the latter was in some way estopped to assert his lien against the purchaser.

True, the rights of a purchaser at such a sale would take precedence of the lien of the grantor, who would not be heard to assert the priority of his claim as against his own assignee. In that respect the rights of the parties having notice would be in no material respect different from what they would have been had the debt been evidenced by sep-

arate notes and secured by a mortgage on the land. *Felton* v. *Smith*, 84 Ind. 485.

A vendor's lien, having once attached, can only be defeated by the voluntary act of the holder thereof, unless the rights of innocent purchasers, without notice, intervene.

As has been seen, there was evidence from which the court may have found that the appellant did not occupy that relation to the land, and the judgment of the court indicates that it was predicated upon such a finding.

The judgment is affirmed, with costs.

Filed Dec. 27, 1887.