Borror v. Carrier.

---

## BORROR ET AL. *v.* CARRIER.

[No. 5,052.    Filed January 4, 1905.]

1. PLEADING.—*Theory.*—*Redundancy.*—*Prayer.*—A complaint must proceed upon a definite theory, but if a precise theory is deducible from the facts alleged, redundancy will not destroy same, and in determining such theory, the prayer may be considered. p. 364.

Borror *v.* Carrier.

2. PLEADING.—*Complaint.*—*Setting Aside Fraudulent Conveyance.*— *Insolvency of Debtor.*—A complaint to set aside a fraudulent conveyance must allege the insolvency of the debtor. p. 365.

3. LIENS.—*Vendor and Purchaser.*—*Subsequent Purchasers with Notice.*—The purchaser of real property takes the same charged with an equitable lien in favor of his vendor for any unpaid purchase money, unless such vendor has by his acts estopped himself from asserting such lien, and a subsequent purchaser with notice, as well as the heirs of such purchaser, takes such land subject to such lien. p. 365.

4. SAME.—*Vendor and Purchaser.*—*Satisfaction.*—The foreclosure of a vendor's lien and sale of the property under such decree and a failure to redeem during the year for redemption, defeat the lien of such vendor as to any unsatisfied part of the judgment or debt. p. 366.

5. SAME.—*Vendor and Purchaser.*—*Subsequent Grantee Without Consideration.*—Where the purchaser of real property, charged with a vendor's lien, conveys such property to his wife without consideration, the vendor's lien is not defeated. p. 367.

6. SAME.—*Agreement of Parties.*—An agreement between the parties will not alone authorize the court to establish a lien by implication, but any such agreement or promise is proper evidence to be considered by the court in determining the existence of such lien. p. 367.

7. SAME.—*Merger in Judgment.*—The lien of the vendor is not merged so as to be defeated by a release of a decree establishing same, when it is shown that the release was obtained for the purpose of borrowing money for the payment of a prior encumbrance, and that there was an agreement that such lien would not be extinguished by such release of such decree. p. 368.

8. PLEADING.—*Complaint.*—*Foreclosure of Vendor's Lien.*—*Sufficiency.* —Where it is shown in a complaint that defendant did not pay the purchase money for lands bought by him from plaintiff; that the identical land was sought to be sold to make payment of such unpaid purchase money; that such land had been conveyed by the defendant husband to defendant wife without consideration to defeat the collection of such unpaid purchase money, and that the plaintiff had never released his lien either by waiver or estoppel, such complaint is good on demurrer. p. 368.

9. SAME.—*Complaint. — Fraudulent Conveyance. — Sufficiency.* —An allegation in an action to declare fraudulent and void a certain conveyance and to subject such land to a vendor's lien that defendant "had not, nor has he since, nor has he now, sufficient other property subject to execution to pay his debts, and especially to pay the said amount due this plaintiff," is sufficient to show that the land described was subject to execution. p. 368.

10. PLEADING.—*Complaint.—Fraudulent Conveyance.—Failure to Allege Value of Property.—Harmless Error.*—Where, in a complaint to set aside a fraudulent conveyance and subject land to a vendor's lien, it is not alleged what the value of such land is, such failure is one that can not harm the defendant, and is not a reversible error. p. 369.

11. SAME. — *Complaint. — Fraudulent Conveyance. — Consideration. —Want of.—Failure to Allege.*—Where a complaint to set aside a fraudulent conveyance, made by the husband to his wife, alleged either, (1) that the wife knew of the husband's indebtedness, and of his purpose to defraud his creditors, and that she received such conveyance to aid or assist him, or, (2) that no consideration was paid, such complaint is sufficient. p. 369.

12. SAME.—*Answer.—Vendor's Lien.—Waiver.*—An answer, in an action to foreclose a vendor's lien, attempting to avoid such lien by showing an extinguishment by the lienor having a decree rendered in his favor in a former action on a greater amount of land than was included in the conveyance, must also show such facts as will amount to an agreement, or that the parties did agree to such relinquishment at the time such decree was rendered. p. 370.

13. SAME.—*Answer.—Vendor's Lien.—Extinguishment.*—An answer, in an action to foreclose a vendor's lien, attempting to show an extinguishment thereof by a former decree of foreclosure of such lien and a sale thereunder, is bad, where it also shows a redemption from such sale by the owner and the postponement of the payment of plaintiff's lien and decree by the execution of certain notes evidencing such lien, which notes were the ones involved in the pending suit. p. 370.

14. TRIAL.—*Fraudulent Conveyance.—Special Finding.—Failure to Find Value.—Harmless Error.*—Where the special finding, in an action to declare void a conveyance of real estate and to subject same to a vendor's lien, fails to show the value of such property, such failure does not harm defendant, and is not a reversible error. p. 371.

15. SAME.—*Fraudulent Conveyance—Special Finding.—Failure to Find Insolvency.*—Where the special finding, in an action to foreclose a vendor's lien, shows that defendant "was on the date of the execution of the deed to his wife, and has been continuously ever since, and now is, insolvent," is sufficient to show that he had no property subject to execution at the time of such conveyance and at the filing of the suit. p. 371.

16. SAME.—*Motion to Modify Judgment.—Reason Given.*—A motion to modify a judgment by striking out certain specific parts thereof must show the reasons therefor, since the trial court is entitled to know the grounds on which such motion is made. p. 372.

17. APPEAL AND ERROR.—*Equity Case.—Weighing Evidence on Appeal.*—In an equity cause tried prior to the taking effect of the law of

1903 (Acts 1903, p. 338, §8), the Supreme and Appellate Courts will not weigh the evidence, and where the evidence tends to support the finding, the judgment of the trial court will not be disturbed. p. 372.

From Randolph Circuit Court; *A. O. Marsh,* Special Judge.

Action by Solomon Carrier against Sarah Borror and husband. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Thompson & Thompson* and *B. F. Marsh,* for appellants.
*James S. Engle, F. S. Caldwell, W. G. Parry, J. P. Goodrich* and *A. L. Bales,* for appellee.

MYERS, J.—This was an action commenced and tried in the Randolph Circuit Court by Solomon J. Carrier against Isaac Borror and Sarah R. Borror. The complaint is in three paragraphs; the gist of the first two being to foreclose a vendor's lien, and the third to set aside a deed from Isaac Borror to Sarah R. Borror as fraudulent.

The principal facts averred in the first paragraph are, that prior to September 27, 1887, appellee was the owner of a certain eighty-acre tract of land, described, in said county of Randolph; that on said day he sold and conveyed the same to said Isaac Borror for $3,300; that when said real estate was so conveyed it was encumbered, and said Isaac Borror assumed said encumbrance and paid some cash, leaving a balance of about $1,500 of the purchase money, for which said Borror gave three promissory notes; that on October 12, 1887, Isaac and Sarah R. Borror executed a mortgage on said real estate to one Scott to secure the payment of $2,500; that said Scott sold and assigned said mortgage to one Roe, who at that time held a junior mortgage on said real estate to secure the payment of $1,100; that said Roe brought suit to foreclose said mortgages, and appellee, claiming to hold a vendor's lien on said real estate to secure the payment of his said $1,500 of pur-

chase money, procured himself to be made a party defendant to said suit, and set up his lien by way of cross-complaint; that such proceedings were had in said cause that on July 14, 1894, the court found that said Roe's mortgages were the first and prior liens; that appellee held a vendor's lien, but that it was junior to said other liens; that the amount due appellee was $1,457.89, and the liens were foreclosed, and the said real estate ordered sold to pay the sums found due; that afterward, April 13, 1895, Isaac Borror was desirous of borrowing money from one John Clayton with which to pay said judgment in favor of said Roe, and requested appellee to release the said lien and judgment of foreclosure in his favor, that he (Borror) might mortgage the said real estate to Clayton, and promised appellee if he would do so he would execute to appellee his notes for the amount of said judgment, "which would be treated and regarded as the unpaid balance of said purchase money, and that he might retain a lien upon said real estate for the unpaid balance of purchase money," second only to the lien of Clayton's mortgage; that thereupon said Borror executed said notes in suit—five for $200 each; that they are due and unpaid (copies exhibited); that on March 18, 1898, Isaac Borror conveyed said real estate to appellant, his wife; that she paid no consideration for such conveyance; that Isaac Borror made said conveyance "with an intention to cheat, defraud, hinder and delay the collection of said notes," and that said appellant took said conveyance with "full knowledge of all the facts herein set out, and with full knowledge of the facts that plaintiff held said notes and that the same were executed to him for the unpaid balance of the purchase money on said real estate; that the said Isaac Borror is insolvent, and has no property subject to execution." Prayer, demanding judgment against Isaac Borror, that a vendor's lien be declared on said real estate, that the lien be foreclosed and the land sold, etc.

The second paragraph avers the ownership of the land by appellee, sale to Isaac Borror, execution of the notes for balance of purchase money, and showing original vendor's lien as entered in connection with the foreclosure of the Roe mortgage, etc., as alleged in the first paragraph. "That afterward, to wit, on the 13th day of September, 1895, the said defendant [Isaac Borror] being unable to pay the said several amounts so found and adjudged to be due the said Roe and this plaintiff [appellee], and being unable to discharge said lands of said liens, and being desirous of obtaining a loan of money from one John W. Clayton with which to pay the said amounts so adjudged due the said Roe, and with which to discharge the said lien so adjudged in favor of said Roe, and being desirous of securing said proposed loan by a first lien and mortgage on said lands, and being desirous for said purpose of continuing and extending the time of payment of said amount so found and adjudged due this plaintiff [appellee] as aforesaid, requested this plaintiff [appellee] to release in favor of the said Clayton his said judgment, and the lien thereof of record, in order that said defendant might procure and that said Clayton might consent to make said loan as aforesaid, and in order that said defendant might execute to said Clayton said mortgage for the purposes aforesaid, which would be a first lien on said land; that said defendant [Isaac Borror] then and thereupon promised and agreed with this plaintiff [appellee] that if he would, for the purposes aforesaid, release his said judgment and lien of record, in order that said defendant [Isaac Borror] might execute said mortgage to said Clayton for the purposes aforesaid, that the said defendant Isaac Borror would thereupon execute to plaintiff [appellee] his promissory notes as evidence of the continuation of said debt represented by said judgment, which said promissory notes should be regarded and treated as being secured by a vendor's lien on said real estate to the same extent and in the same manner as said

judgment, and that this plaintiff might and would retain a vendor's lien on said real estate, second only to said mortgage of said Clayton; that said notes should be regarded and treated as representing said unpaid balance of the purchase price of said real estate." The paragraph then proceeds to allege the release of the judgment and the execution of the notes in suit, that they are due and unpaid, and exhibits copies of them. The paragraph sets out the conveyance to Sarah Borror, and the insolvency of Isaac Borror, as in the first paragraph, and demands judgment, etc., as in the first paragraph, except that the lien be foreclosed as to each of the defendants, etc.

The third paragraph avers the execution of the notes in suit; that on the 13th day of September, 1895, Isaac Borror was the owner of seventy acres of real estate (describing it); that on said date there was a mortgage of $—— on the same; that on the 19th of March, 1898, Isaac Borror conveyed said real estate to appellant, who was his wife, without any consideration having been paid by appellant or received by said Isaac; that appellant took and accepted said conveyance without paying any consideration therefor, nor has she since paid anything therefor, and with full notice and knowledge of all the facts, and with full notice and knowledge that appellee so held the notes, and that they were unpaid; that Isaac had not at the time of said conveyance, nor has he since had, nor has he now, sufficient property subject to execution to pay his debts, and especially to pay appellee. Prayer, demanding judgment against Isaac Borror, and that the deed from Isaac to appellant be declared void as against the claim of appellee, and that said real estate be subject to sale, etc. Separate and several demurrers were addressed to each paragraph, for want of facts, and overruled.

Appellants then answered in three paragraphs—the first a general denial. The second was to so much of the first and second paragraphs of complaint as sought to foreclose

a vendor's lien against the real estate described in the complaint. It admits the ownership and conveyance by the appellee of the real estate, and the encumbrances thereon, and the price to be paid for the same, the manner of payment, and the vendor's lien held by appellee, as set up and averred in said paragraph of complaint. It is then averred that, after said conveyance described in said paragraphs of complaint, said Isaac Borror became the owner of another and additional tract of land, to wit, the west half of the quarter section mentioned in said paragraphs of complaint; that one Roe had and held two mortgages on said entire quarter section; that said Roe in 1894 commenced suit in the Randolph Circuit Court against said Isaac Borror and said appellant Sarah R. Borror to foreclose said mortgages on said entire quarter section; that appellee was made, on his own application, a party defendant, and filed a cross-complaint to foreclose his vendor's lien on the eighty-acre tract of real estate described in said paragraphs of complaint, and asked that his lien might be declared and enforced against said entire quarter section; that such proceedings were had that on the 14th day of July, 1894, said Roe obtained a judgment of foreclosure for $3,833.80, and appellee a judgment for $1,457.89; that the court ordered and decreed that said Roe's lien was prior and superior to the vendor's lien of appellee, and ordered and directed that the land be sold and the proceeds distributed accordingly; that said judgments and decree were never appealed from, set aside nor reversed; that, after the rendition of said judgments and decree, Isaac Borror, for a valuable consideration, conveyed the real estate described in said paragraphs of complaint to appellant Sarah R. Borror.

The third paragraph of appellants' answer sets out the same facts substantially as averred in the second paragraph, and, in addition thereto, avers that the said complaint of Roe and cross-complaint of Carrier were filed in the same cause and case of Roe v. Borror *et al.,* and that

there was in said case but one judgment and decree rendered and entered by said court, and that said decree fixed the amount due each of said parties, and foreclosed the liens of each and both of said parties; that after the rendition of said judgment and decree said Roe procured the clerk of said court to issue a copy of said decree to the sheriff of said county; that thereupon said sheriff, by virtue of said decree, advertised all of said real estate for sale on said day, and said Roe bid therefor the full amount of his judgment, interest and costs in said cause, and the sheriff struck off the same to said Roe, and delivered to said Roe a certificate of purchase of said real estate, and the sheriff credited said judgment and decree with the amount so bid and paid by said Roe; that afterward, to wit, September 13, 1895, appellee, in consideration of the execution of the notes in suit, satisfied of record said judgment and decree, and afterward, to wit, September 13, 1895, said Isaac Borror redeemed said real estate from said sheriff's sale, and, after said redemption, and before the commencement of this action, said Isaac Borror, for a valuable consideration, paid by appellant Sarah R. Borror, conveyed said real estate described in said paragraphs of complaint to appellant Sarah.

Appellee then demurred to the second and third paragraphs of appellant's answer, which was sustained.

This cause was submitted to the court for trial, and, at the request of appellants, special findings of fact and conclusions of law thereon were by the court found and submitted.

The facts, as found by the court, in brief, are: That on July 14, 1894, Isaac Borror was the owner in fee of 146 acres of land; that on said day one Roe was seeking to foreclose a mortgage on said land; that appellee was defendant and cross-complainant; that appellee was claiming a vendor's lien on part of said land, and asking to have it foreclosed; that in said proceedings judgment was had by Roe foreclosing his mortgage as the first lien thereon; that ap-

pellee had judgment against Isaac Borror for the amount of his claim, and a vendor's lien in his favor established and foreclosed as a second lien on the real estate so sold by him to Isaac Borror; that the land was ordered sold, the proceeds from sale to be applied in order of priority of claims; that on September 15, 1894, the real estate was sold by the sheriff, on decree of foreclosure in said proceedings had, to Roe, for $3,600, which was less than Roe's judgment, and appellee did not realize anything on his judgment from said sale; that on September 13, 1895, Isaac Borror was unable to redeem said land from said sale, and was unable to pay appellee's judgment, but was able to borrow enough money from one Clayton to redeem from said sale if he could procure a release of appellee's judgment, so that a mortgage to Clayton would be a first lien on the real estate, and to that end said Isaac applied to appellee, stated the facts to him, and asked appellee to release his judgment and lien of record for the purpose aforesaid—that Clayton might have a first lien on said land; that appellee and Isaac Borror agreed that the debt evidenced by the judgment should be evidenced by five notes due one each year for five years, and that the vendor's lien should continue on said land in favor of appellee, as it had theretofore, to secure the payment of said notes second to the lien of the Clayton mortgage; that on said last date appellee, for the purpose of enabling said Isaac Borror to procure said loan from said Clayton, and to redeem said land, released said judgment by entering on the order-book where said judgment was recorded the following: "For value received I hereby cancel and release and satisfy this judgment in full this 13th day of September, 1895," and accepted the five notes now in suit as evidence of the amount due for purchase money, as aforesaid; that thereafter, and on September 13, 1895, the said Isaac Borror and his wife (appellant) sold and conveyed to one Isaac M. Borror, a son, seventy-two acres of said real estate, and with the money thus received, and the money received from

said Clayton, all of said real estate was redeemed from said sale; that Isaac Borror continued to be the owner of the real estate described in the complaint in this action until March 19, 1898, being the same real estate purchased from appellee by Isaac Borror September 27, 1887; that on March 19, 1898, said Isaac Borror executed to his wife a deed for the real estate in question, with the fraudulent intent and purpose of hindering, delaying and cheating the plaintiff in the collection of the amount due on said notes, and the said Sarah took and accepted said conveyance with full notice and knowledge of the existence of plaintiff's claim, and with full notice and knowledge of the said fraudulent purpose and intent of said Isaac Borror in the execution of the deed; that Isaac Borror was on the date of the execution of said deed, and has been continuously ever since, and now is, insolvent, and then, as now, without property subject to execution, sufficient to pay his debts and appellee's claim; that the conveyance of said real estate was made by Isaac Borror and accepted by said Sarah R. Borror with the fraudulent intent and purpose of cheating and defrauding the appellee, and hindering and delaying him in the collection of his claim; that appellant Sarah R. Borror took and accepted said conveyance for said real estate without paying or promising to pay any valuable consideration therefor, and has not since paid any consideration therefor, and both knew on the date of the conveyance of the existence and nature of appellee's claim, that it was unpaid, and represented and was a balance of the unpaid purchase money for the real estate in the complaint described; that appellee has and holds a vendor's lien on said real estate to secure the payment of the amount herein found to be due.   Other facts were found by the court, which it is not necessary more fully to set forth.   On the facts found, the court stated its conclusions of law as follows:

"(1) That the sum of $1,550, the amount due the plain-

tiff for principal and interest and attorney's fees, due upon his said notes, constitutes and is a lien upon said real estate conveyed to Sarah R., Borror, as set out and found in the foregoing facts, and was a lien upon and against said real estate at the time of said conveyance, and was and is a valid lien against the defendants and each of them at the time of said conveyance, and at all times since. (2) That the plaintiff is entitled to recover of and from the defendant Isaac Borror, upon the notes sued upon in this action, the sum of $1,550, and to have and foreclose against said defendants, Isaac and Sarah R. Borror, and each of them, and against the said real estate conveyed by said Isaac Borror to said Sarah R. Borror, as found in the foregoing facts, a vendor's lien for said sum. (3) That the conveyance of said real estate, as found in the foregoing facts, by the defendant Isaac Borror, to the defendant Sarah R. Borror, was and is fraudulent and void as to the plaintiff. (4) That the plaintiff is entitled to a decree against the defendants, and each of them, setting aside the said conveyance of said real estate by said defendant Isaac Borror to defendant Sarah R. Borror, as found in the foregoing facts, and to have the said real estate sold for the payment of the sum due him upon the notes in suit." Judgment in accordance with finding of facts and conclusions of law.

Appellant Sarah R. Borror, by her motion to modify the judgment, sought to eliminate that part of the judgment and decree establishing and enforcing a vendor's lien and sale of the land. This motion was overruled. Motion by appellants for a new trial overruled. The first five and the twelfth errors here assigned by the appellants question the sufficiency of the complaint, and will be considered together.

1. Each paragraph of the complaint must proceed upon a definite theory, but if, from all the facts averred in such paragraph, a precise theory is deducible, and on such theory the paragraph is sufficient, it will not be rendered bad by reason of redundant or detached allegations tending toward,

yet insufficient to state, another cause of action. The prayer may be considered in determining the theory of the pleading. *Monnett* v. *Turpie* (1892), 133 Ind. 424; *Elliott* v. *Pontius* (1894), 136 Ind. 641; *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613; *Cleveland, etc., R. Co.* v. *Stewart* (1900), 24 Ind. App. 374; *Kunz* v. *Ward* (1882), 28 Kan. 132; *Keens* v. *Gaslin* (1888), 24 Neb. 310, 38 N. W. 797. In our judgment, the theory of the first two paragraphs is to establish and enforce a vendor's lien against the real estate described in the complaint. The third paragraph proceeds upon the theory that the conveyance from Isaac Borror to appellant Sarah was fraudulent as to appellee. We have carefully examined the record in this case, and, in our opinion, the several paragraphs were tried upon the theory stated.

2. We agree with appellants that the first two paragraphs are not sufficient as a complaint to set aside the conveyance as fraudulent, because neither avers that, at the time the conveyance was made, Isaac Borror had not sufficient other property subject to execution to pay his debts, especially the amount due appellee. *Nevers* v. *Hack* (1894), 138 Ind. 260, 46 Am. St. 380; *Vansickle* v. *Shenk* (1898), 150 Ind. 413; *Slagle* v. *Hoover* (1894), 137 Ind. 314.

3. On the theory of a vendor's lien in favor of the appellee, the first two paragraphs are sufficient to withstand a demurrer for want of facts, unless appellee has waived his lien, or has by his acts estopped himself from asserting a lien. The foundation of a vendor's lien, and that which sustains it, is unpaid purchase money. *Mulky* v. *Karsell* (1903), 31 Ind. App. 595.

A vendee in possession of land takes it charged with an equitable lien in favor of the vendor to secure the balance of the unpaid purchase money. This rule holds good not only as against the vendee and his heirs, "but also against all subsequent purchasers having notice that the purchase

money remains unpaid." It would be unconscionable to permit estates to be obtained without consideration, and equity will interfere in aid of the vendor where he is without fault. *Hiscock* v. *Norton* (1879), 42 Mich. 320, 3 N. W. 868; *Petry* v. *Ambrosher* (1885), 100 Ind. 510; *Mulky* v. *Karsell, supra; Beal* v. *Harrington* (1886), 116 Ill. 113; 2 Story, Eq. Jurisp. (13th ed.), §§1219-1224; Fetter, Equity, §155; 2 Jones, Liens (2d ed), §1065. "The lien results from the transactions between the parties, and is manifested by all the circumstances attending each particular case." *Barrett* v. *Lewis* (1886), 106 Ind. 120; *Dwenger* v. *Branigan* (1884), 95 Ind. 221.

"Equity regards substance rather than form, and that as done which ought to have been done." *Otis* v. *Gregory* (1887), 111 Ind. 504; *Hawes* v. *Chaille* (1891), 129 Ind. 435.

4. The failure or success of appellee to sustain the proposition of a vendor's lien depends on the effect of the foreclosure by appellee of his lien in the Roe mortgage proceedings, sale of the land on the decree in that action, release of his judgment, redemption of the land by Isaac Borror from such sale, acceptance of the new notes of Isaac Borror, etc.

Appellants rely on the case of *Pence* v. *Armstrong* (1884), 95 Ind. 191, in which the court incidentally refers to the case of *Fishback* v. *Bodman & Co.* (1878), 14 Bush (Ky.) 117, as deciding "that a judgment for purchase money merges the equitable vendor's lien." We have examined the Fishback case, and nowhere do we find such doctrine stated. We do find, in the reporter's notes, as points relied on by counsel, a statement to that effect.

In the case of *Pence* v. *Armstrong, supra,* the question before the court was the right of replevin bail to subrogation, and not a question between vendor and vendee as to unpaid purchase money, and no intimation by the court of

such. The question before this court was not considered in the case of *Fishback* v. *Bodman & Co., supra.*

In our judgment a foreclosure of a vendor's lien, and sale of the property on decretal order issued on acount of such foreclosure, and not redeemed from during the year for redemption, defeats the lien as to any unsatisfied part of the judgment or debt. *Yetter* v. *Fitts* (1887), 113 Ind. 34. This is upon the theory that the purchaser at such sale is a *bona fide* purchaser for value. Where a vendor prosecutes his action at law for the collection of unpaid purchase money, and causes an execution to issue on the judgment thus obtained, and sells the land, he thereby will have waived his lien. *Yetter* v. *Fitts, supra;* 2 Jones, Liens (2d ed.), §1076. "A vendor's lien, having once attached, can only be defeated by the voluntary act of the holder thereof, unless the rights of innocent purchasers, without notice, intervene." *Yetter* v. *Fitts, supra.*

5. In the case at bar it is averred that appellant Sarah R. Borror knew when she accepted the conveyance that the purchase money for the real estate was unpaid; "that she paid no consideration for such conveyance." As to the question now under consideration, these averments are to be taken as true, and, being true, the proposition to be decided is precisely the same as if the controversy here was between Isaac Borror and appellee. "A purchaser with notice, or one who has paid nothing, is not regarded as a purchaser in law, and the lien will prevail against him." 2 Jones, Liens (2d ed.), §1076; *Petry* v. *Ambrosher, supra.*

6. A redemption of the land vacated the sale, vesting the title again in Isaac Borror. Had he redeemed by paying the purchaser of the land at the decretal sale, appellee could have had the land resold to satisfy his lien (*Todd* v. *Oglebay* (1902), 158 Ind. 595); but by an arrangement between the parties, as averred by appellee, he waived his lien only to the extent of the Clayton mortgage, and, instead of a waiver of record to that extent, and a resale subject to

the Clayton mortgage, he accepted the notes in suit as evidence of the purchase-money debt, and released the judgment of record, with the promise from Isaac Borror and agreement that such release and acceptance of the new notes should not affect his lien, but such lien should continue, and the notes should be regarded and treated as evidence of unpaid purchase money for the real estate in question. While it can not be successfully contended that any promise or agreement alone, between the parties, will authorize the court to say a lien by implication of law attaches to the real estate, yet such promise or agreement may be considered by the court, with all the other circumstances connected with the particular transaction, in determining the real intention of the parties regarding the lien. *Dwenger* v. *Branigan, supra.*

7. Appellant insists that the lien was merged in the judgment, and a release of the judgment released the lien. We can not agree to this proposition. Under the averments of the complaint, every act of appellee in this matter has been along the line of holding to his vendor's lien. Mergers are not favored, and courts will not permit a merger when injustice will likely result, "although all the essential elements of a technical merger combine in the particular case." *Evansville Gas-Light Co.* v. *State, ex rel.* (1881), 73 Ind. 219, 38 Am. Rep. 129. "Equity will preserve the lien to prevent injustice." *Anderson* v. *Anderson* (1891), 129 Ind. 573, 28 Am. St. 211.

8. In the case at bar, to hold that appellee's lien merged in the judgment, regardless of the intention of the parties to the contrary as averred in the complaint, would require us to close our eyes to every principle of equity, and permit appellants to carry out the unconscionable act of taking appellee's land without paying the purchase money therefor. The demurrer was correctly overruled.

9. Appellant challenges the third paragraph of complaint on the ground that it does not state the value of the land.

The reason for such an allegation is that the court may be informed prior to the trial that plaintiff has a right to resort to the property for the payment of his claim, and thereby avoid useless litigation. *Blair* v. *Smith* (1888), 114 Ind. 114, 5 Am. St. 593. In the case at bar it is averred that Isaac Borror at the time of the conveyance "had not, nor has he since, nor has he now, sufficient *other property subject to execution* to pay his debts, and especially to pay the said amount due this plaintiff." While all inferences should be construed against the pleader, yet on appeal, we are of the opinion that the allegations in this paragraph sufficiently show that the land in question is subject to execution. If it is subject to execution, then Isaac Borror's creditors do have an interest in it which he should respect.

10. The pleading is sufficient for the further reason, as stated by Judge Elliott in *Sherman* v. *Hogland* (1881), 73 Ind. 472: "We do not feel authorized to reverse the case upon the ground that the complaint does not state the value of the property, for the omission is one which can not possibly do the appellants any injury, and which does not affect the substantial merits of the controversy."

11. Appellant further challenges said third paragraph on the ground that it contains no allegation that the conveyance was made without consideration. We answer this contention by quoting from the case of *Pierce* v. *Hower* (1895), 142 Ind. 626: "It is further contended that the second paragraph is insufficient for want of an allegation that the conveyance was made from the husband to the wife without consideration. The paragraph, however, does allege that, at the time of the conveyance, Sarah M. Pierce knew of the fact of her husband's indebtedness, and of his purpose to defraud his creditors, and that she received the conveyance with such knowledge and with the purpose to aid him in the perpetration of such fraud. This was sufficient." A fraudulent conveyance, as between husband and wife, where no consideration is paid, will be set aside, al-

though the wife had no notice of the fraudulent intent of the husband. *York* v. *Rockwood* (1892), 132 Ind. 358.

12. Errors assigned as six, seven and eight may be considered together, as they raise the question of the sufficiency of the second and third paragraphs of appellants' answer. The proposition is, do these answers aver facts showing a waiver by appellee of his lien? If he has fairly waived or abandoned his lien, it is gone, and equity will not restore it. *Robbins* v. *Masteller* (1897), 147 Ind. 122; *Richards* v. *McPherson* (1881), 74 Ind. 158; *Anderson* v. *Donnell* (1879), 66 Ind. 150. The taking of independent or additional security, or by the aceptance of a mortgage on the real estate conveyed by the vendor, will amount to a waiver. *Anderson* v. *Donnell, supra.* But the burden of showing a waiver is on the party claiming it. It is insisted that because the decree in the Roe mortgage proceeding, in which appellee was a party only to foreclose his lien on part of the real estate included in the decree, extended the lien of appellee to other real estate, not conveyed by him, and to which he was not asserting any interest, was the taking of such additional security by appellee as would thereby waive his lien. A court of general jurisdiction could, by agreement of the parties, have entered such a decree as here averred. *Indianapolis, etc., R. Co.* v. *Sands* (1892), 133 Ind. 433. But the burden is on appellants to aver in their answers such facts as will amount to such agreement, or the fact that the parties did so agree at the time the decree was rendered. Without such averment the answer is defective. Neither of the paragraphs negatives knowledge on the part of appellants as charged in the complaint.

13. Appellants insist that the third paragraph of answer is good, because, in addition to the averments of the second, it avers "that the foreclosure of the Roe mortgage and appellee's vendor's lien" being in one decree, was therefore the decree of both lien holders, and authorized one sale, which was the sale of both, and the sale extinguished

both liens. As we have said, in passing on the complaint, a sale of the property on such a decree, and unredeemed from by a person authorized to redeem, would extinguish the unsatisfied lien; but in the case at bar the answer avers, in effect, that within the year for redemption the owner of the land did redeem, by paying the Roe judgment in cash, and postponing payment of appellee's lien and judgment by the execution of the notes in suit. The judgment of appellee was a purchase-money judgment, and the fact that it was included in the same decree with the Roe foreclosure did not impair it or take away any of its characteristics.

If we regard substance rather than form, the fact still remains that it is the same old debt for purchase money, whether in the form of a judgment, or evidenced by notes, and in either form it will be recognized and preserved by equity to prevent injustice. No new debt was created by the notes in suit, but the payment of the old debt was postponed, and Isaac Borror was thereby enabled to redeem his land. The averments in the answer do not overcome the allegations of the complaint as to the treatment of the judgment, and the purpose of its release, as agreed upon by Isaac Borror and appellee. *Reeder* v. *Nay* (1883), 95 Ind. 164; *Boyd* v. *Jackson* (1882), 82 Ind. 525. The demurrer to the answers was correctly sustained.

14. The ninth error assigned is that the court erred in its conclusions of law on the special findings of fact, in this: (1) By failing to find the value of the land conveyed to appellant. We can not see wherein the appellant has been damaged by the court's failure in this particular, and, therefore, where the failure to find a fact does not affect the substantial merits of the controversy, it will not be considered reversible error. *Sherman* v. *Hogland, supra.*

15. (2) By failing to find that at the time the suit was commenced, as well as at the time the conveyance was made, appellants' grantor had no property subject to execution. The court's finding on this subject was that Isaac

Borror was on the date of the execution of the deed to his wife, and has been continuously ever since, and now is, insolvent, and was and now is without property subject to execution sufficient to pay appellee's claim. There is a clear distinction between this case and the cases cited by appellants on this point. In the cases cited by appellants there was either a failure to aver in the complaint, or a failure upon trial to find as a fact, that, either at the time of the conveyance or at the time suit was commenced, grantor had no property subject to execution, or had not sufficient property subject to execution to pay his debts. In the case at bar the findings of the court were sufficient. *Vansickle* v. *Shenk* (1898), 150 Ind. 413, and cases cited; *Nevers* v. *Hack* (1894), 138 Ind. 260, 46 Am. St. 380.

16. The tenth error assigned questions the ruling of the court on appellants' motion to modify the judgment and decree by striking out certain specific parts or portions thereof. No reason for such modification is stated in the motion. This must be done. The trial court is entitled to know on what grounds the motion is based, and be given an opportunity to correct the error, if any; otherwise it may be overruled without error. *Ricketts* v. *Dorrell* (1877), 59 Ind. 427; *Murphy* v. *Teter* (1877), 56 Ind. 545; *Hay* v. *State, ex rel.* (1877), 58 Ind. 337; *Poehlmann* v. *Kennedy* (1874), 48 Cal. 201; *People. ex rel.*, v. *Kipley* (1897), 167 Ill. 638.

17. By the eleventh error it is asserted that the separate motion of Sarah R. Borror for a new trial should have been granted. This motion contains many reasons in its support, but appellants' argument applies only to the following: (1) The decision of the court is not sustained by sufficient evidence; (2) the findings and judgment of the court are not sustained by sufficient evidence. Under the law in force at the time this case was tried, and under the decisions of the Supreme and this Court, the evidence will not be weighed on appeal. We have spent much time reading the evidence in this cause, and while on some material

matters there is sharp conflict, and, as to other material facts, necessary to support appellee's contention, the evidence is not strong, yet we can not say there is a failure of evidence to support any material finding of fact; and the decision and judgment of the court, in our opinion, is supported and sustained by the evidence.

The judgment of the court below is affirmed.

Black, J., concurs in the result.