[S. F. No. 8055. In Bank.—September 18, 1917.]

WILLIAM BROWN, Respondent, v. EMILIE KAHN et al., Appellants.

VENDOR'S LIEN—NONWAIVER BY ACTION AND JUDGMENT ON PURCHASE-MONEY NOTE.—Suit by a vendor and the recovery of judgment therein on a promissory note given by a vendee in part payment of the purchase price of real estate does not waive a vendor's lien unless he has exhausted his remedy by execution.

ID.—ISSUANCE AND LEVY OF EXECUTION NOT A WAIVER.—The issuance and levy of an execution on the land subject to a vendor's lien is not a waiver of the lien, especially when the land has been protected by homestead declaration from ordinary executions.

ID.—LIEN, HOW WAIVED.—To constitute a waiver of a vendor's lien, there must be some act or omission on the part of the vendor inconsistent with his assertion of the lien and evincing his intention to waive it, and it must be such an act or omission as would render it inequitable to attempt thereafter to assert it.

ID.—FORM OF JUDGMENT OF FORECLOSURE—REDEMPTION.—The code provides the procedure for foreclosure of a lien, and its sections providing for the form of the judgment and for redemption of the property upon foreclosure are to be read into the judgment.

APPEAL from a judgment of the Superior Court of Alameda County. W. H. Waste, Judge.

The facts are stated in the opinion of the court.

W. H. Morrissey, for Appellants.

Walter R. Dunn, for Respondent.

SHAW, J.—The appeal is from a judgment declaring and enforcing a vendor's lien in favor of the plaintiff upon certain property sold by the plaintiff to the defendant Emilie Kahn.

The appeal was taken to the district court of appeal, and in that court in due time the judgment was affirmed upon an opinion prepared by Mr. Justice Richards.

The petition for a rehearing was granted, not so much from dissatisfaction with that opinion as from the fact that the appeal had been taken to the wrong court and the district court was without jurisdiction, and the further fact that our own decisions regarding the essentials of a waiver of a vendor's lien were in considerable confusion and it was thought best that a decision be made by this court.

The proposition that the bringing of an action upon an obligation given by the vendee for the purchase money of real estate, and the recovery of a judgment thereon for such purchase money, does not extinguish the vendor's lien, is established throughout the country with practical unanimity. In addition to the authorities cited in the opinion of Justice Richards, we cite the following: 39 Cyc. 1841; 29 Am. & Eng. Ency. of Law, 753, 768; 2 Sugden on Vendors, bottom p. 679; 2 Warvelle on Vendors, sec. 701; 2 Jones on Liens, sec. 1076; *Richardson* v. *Green*, 46 Ark. 271; *Yetter* v. *Fitts*, 113 Ind. 34, [14 N. E. 707]. The rule being, as stated in the opinion of the district court, that the vendor's lien is not waived by a judgment unless the vendor has exhausted his remedy by execution upon the property, it follows that the mere issuance and levy of an execution on the land subject to the vendor's lien, particularly where such land has been protected from ordinary executions by a homestead declaration, does not amount to a waiver of the vendor's lien.

We are satisfied with the discussion of the case in the opinion of the district court, and hereby adopt the same as the opinion of this court. It reads as follows:

"Concerning the facts of the case there is no material dispute. In August, 1912, the defendant Emilie Kahn purchased from the plaintiff the premises in question together with certain building materials stored thereon, for the lump sum of $3,450, paying the sum of three thousand dollars in cash and giving the plaintiff her promissory note for the balance of the purchase price of said property in the sum of $450, payable six months after date. On January 3, 1914, Emilie Kahn married Hugo Sander, and on the same day made and executed a declaration of homestead in her new name upon the property, which was duly recorded on January 5, 1914. The declaration of homestead as thus made and recorded did not disclose the name under which she had acquired the property. On December 17, 1914, the note still remaining unpaid, the plaintiff brought suit upon it without alleging or proving the existence of his vendor's lien, and presently took a default judgment against the defendant therein (Emilie Kahn), upon which judgment he had issued and caused to be levied an execution upon the property sold by him to her, but took no further action looking to a sale of the property upon such execution. On February 24, 1915, the plaintiff commenced the present action, setting forth in his complaint the previous judgment, and alleging the same to have been recovered upon the note which had been taken for the unpaid portion of the purchase price of the property, claiming a vendor's lien thereon, and praying for a recovery upon said judgment and for a sale of the property to satisfy such lien. The defendants demurred to the complaint generally, and also moved for judgment on the pleadings upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and also upon the ground that the plaintiff had waived his vendor's lien by his failure to claim the same in his previous suit. The demurrer was overruled and the motion denied, whereupon the defendants answered denying the existence of the vendor's lien, and also averring that the note had been given for the building materials which had gone with the sale of the real property, and not for any portion of the latter's purchase price. Upon the issues thus framed a jury found a verdict in plaintiff's favor as to the existence of the debt, which verdict the court adopted, and further decreed that a vendor's lien still existed in plaintiff's favor, and for the foreclosure of which it was directed

that an execution issue and the property be sold. It is from this judgment that the appellants prosecute this appeal.

"The first contention of the appellants is that their demurrer to the plaintiff's complaint should have been sustained and their motion for judgment on the pleadings granted, upon the ground that the complaint failed to state a cause of action for the assertion and foreclosure of a vendor's lien, for the reason that the complaint contained no express allegation that the plaintiff had or was entitled to a vendor's lien 'for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer.' The appellants insist that the above-quoted words from section 3046 of the Civil Code should have been embodied in the complaint in order to state a cause of action. But an inspection of the complaint shows that it does set forth the fact that the plaintiff claims his vendor's lien for the balance of the purchase price of the property for which the defendant Emilie Kahn's personal note had been given, and we think these averments render the complaint sufficient as against a general demurrer.

"The appellants urge the further ground of error on the part of the court in overruling their demurrer and denying their motion for judgment on the pleadings and rendering judgment on the trial for the affixation and foreclosure of the lien, that the complaint not only shows upon its face, but the facts adduced at the trial prove, that the plaintiff had waived his vendor's lien by bringing a personal action and obtaining a personal judgment on the promissory note and by the issuance and levy of an execution thereon. This presents the only material question involved in the case.

"In support of this contention the appellants earnestly insist that the plaintiff, having chosen to take a personal judgment against the defendant Emilie Kahn which would operate as a judgment lien upon all her property, and having caused to be issued thereon an execution, which has been levied upon the particular property in question, he has thereby waived his vendor's lien. In support of this contention the appellants cite the case of *Fitzell* v. *Leaky,* 72 Cal. 478–483, [14 Pac. 198], as subsequently approved in the case of *Longmaid* v. *Coulter,* 123 Cal. 209, [55 Pac. 791]. An examination of those cases, however, discloses that they do not go to the extent which the appellant claims for them, and that they are not otherwise sufficiently authoritative to form precedents for

the principle for which the appellants contend. The case of *Fitzell* v. *Leaky* was not an action to establish or foreclose a vendor's lien; and, as shown by the opinion of the court, it is very questionable whether there was any such thing as a vendor's lien involved in the controversy in that case; but in any event, the language used therein upon which the appellants herein rely was pointed out to be *obiter dicta* by the supreme court in the later case of *Selna* v. *Selna,* 125 Cal. 357, [73 Am. St. Rep. 47, 58 Pac. 16]; while as to the case of *Longmaid* v. *Coulter, supra,* the court, while quoting from the case of *Fitzell* v. *Leaky, supra,* the language upon which the appellant herein relies, shows on the face of the opinion that the question involved in this case was not before the court.

"In the case of *Selna* v. *Selna, supra,* the question before the court was as to whether the filing and allowance of a creditor's claim against the estate of the vendee without including the claim or statement of an existing vendor's lien, which creditor's claim became by its approval in the nature of a judgment against the estate of the decedent vendee, was not sufficient in itself to amount to a waiver of the vendor's lien. In that case the court, in deciding in favor of the persistence of the vendor's lien, and in declaring the ruling of the court in *Fitzell* v. *Leaky* to be *dicta,* goes on to say: 'It is stated by the authorities that if the vendor recovers a judgment at law and has not exhausted his remedy by execution, he is not precluded thereby from proceeding to enforce his equitable lien for the purchase money,' citing *Walker* v. *Sedgwick,* 8 Cal. 398–404, and Overton on Liens, 691. The true doctrine as outlined by these authorities in this state, and as fully sustained by the great weight of authority in other states, would seem to be that in order to constitute a waiver of a vendor's lien there must be some act or omission on the part of the vendor inconsistent with his assertion of the lien and evincing his intention to waive it, and that it must be such an act or omission as would render it inequitable to thereafter attempt to assert it; and it has accordingly been held quite uniformly that in order that a personal judgment obtained by the vendor for the unpaid portion of the purchase price of the property may be held to operate as a waiver of the vendor's lien thereon, it must be affirmatively shown by the defendant resisting the lien that the vendee has property to

which the lien of the judgment can attach or upon which the execution may be levied and which might thus serve as security for the debt. (*Zeigler* v. *Valley Coal Co.*, 150 Mich. 82, [13 Ann. Cas. 90, 113 N. W. 775] ; *Roberts* v. *Bruce*, 91 Ky. 379, [15 S. W. 872] ; *Dowdy* v. *Blake*, 50 Ark. 211, [7 Am. St. Rep. 88, 6 S. W. 897] ; *Borror* v. *Carrier*, 34 Ind. App. 367, [73 N. E. 123].)

"The contention of the appellant that the judgment is not in proper form because it does not provide for the procedure for the same and redemption of the property upon foreclosure of the lien is without merit. The code provides the procedure, and its sections are to be read into the judgment."

Judgment affirmed.

Melvin, J., Henshaw, J., Lorigan, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.